UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Joseph Bergeron, Jr.

    v.                                          Civil No. 18-cv-578-JD

Town of Seabrook, New Hampshire

**REPORT AND RECOMMENDATION**

    Plaintiff Michael Joseph Bergeron, Jr., proceeding in forma pauperis, has filed a Complaint, doc. No. 1, that is before this court for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

**I. Preliminary Review Standard**

    The magistrate judge conducts a preliminary review of pleadings filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief. Hernandez-Cuevas

v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II.  Background

Bergeron states that in November 2009, members of the Seabrook, New Hampshire police department "breached [their] duty" and left him disabled.  Bergeron seeks damages from the Town of Seabrook.

## III. Discussion

The court construes Bergeron's claim for damages as intending to be asserted under 42 U.S.C. § 1983, which authorizes claims for relief filed by plaintiffs alleging that a defendant acting under color of state law violated their federal rights.  As explained below, several reasons support dismissal of this complaint.

### A.  Rooker-Feldman doctrine

It appears from Bergeron's complaint that a state court lawsuit stemming from the breach alleged here was dismissed based on the statute of limitations.  To the extent that Bergeron is asking this court to overturn the state court's decision, the Rooker-Feldman doctrine precludes the court from doing so.

The Rooker-Feldman doctrine holds that, as a general rule subject to exceptions not relevant here, lower federal courts cannot review and reverse prior state court judgments. See D.C. Ct. App. V. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Klimowicz v. Deutsche Bank Nat'l Tr. Co., No. 17-1916, 2018 WL 5094793, at *2 (1st Cir. Oct. 19, 2018). The Rooker-Feldman doctrine divests this court of jurisdiction over cases brought by parties that lost in state court, complaining of injuries caused by state court judgments rendered before the federal court proceedings commenced, and "inviting district court review and rejection of [the state court's] judgments." Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine is applicable here. Therefore, to the extent Bergeron seeks reversal of a state court decision, his claim should be dismissed.

B. Statute of limitations

Relatedly, even if the issue had not been already decided, it is apparent from his complaint that his claim is barred by the applicable statute of limitations.

The statute of limitations for § 1983 claims arising out of events occurring in New Hampshire is three years. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); see also N.H. Rev. Stat. Ann. § 508:4. Bergeron alleges that defendants violated

3

his rights in November 2009. The three-year limitations period for filing suit concerning that occurrence expired in November 2012, long before Bergeron filed this suit in 2018. Nothing in the complaint suggests that the limitations period should be tolled to allow the court to deem it timely filed. Accordingly, the statute of limitations bars Bergeron's claim.

### C.  Sufficiency of the allegations

Plaintiff's allegations are also vague and conclusory, and lack any specific facts or description of the conduct that underlies the claim Bergeron seeks to assert. As previously noted, Bergeron asserts only that the defendant breached a duty and caused him damage.

Under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978), "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief" for alleged constitutional violations arising from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id.; see also Connick v. Thompson, 563 U.S. 51, 60 (2011). Municipal liability can be asserted "where the municipality *itself* causes the constitutional violation at issue." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989) (emphasis in original) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Here,

4

there is no allegation of any policy or how that policy was the moving force behind the alleged constitutional violation.

Accordingly, the complaint does not state sufficient facts which, accepted as true, would allow the court to reasonably infer that plaintiff has asserted any colorable claim upon which relief might be granted. See Hernandez-Cuevas, 723 F.3d at 102.

## IV. Conclusion

The district judge should dismiss this civil rights action, in its entirety, based on the issues discussed herein. Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); LR 7.2(d). The 14-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 3, 2018

cc:  Michael Joseph Bergeron, Jr., pro se

5